UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 13-50087 |
| | ) | |
| Plaintiff, | ) | MEMORANDUM AS TO |
| | ) | ORDER OF DETENTION |
| vs. | ) | |
| | ) | |
| DUSTIN HART, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Dustin Hart appeared before the court on Tuesday, March 4, 2014, for a change of plea hearing. After entering a plea of guilty to the superseding information, it was this court's recommendation that Mr. Hart's plea be accepted and that he be adjudged guilty of conspiracy to distribute a controlled substance. The crime to which Mr. Hart pleaded guilty is an offense under the Controlled Substances Act which carries a maximum penalty of 10 years or more imprisonment (here it is twenty years). Thereafter, the government moved for detention of Mr. Hart pending sentencing. The court granted that motion, over defense counsel's ardent argument to the contrary.

This memorandum is filed to establish the law upon which this court relied in making its decision in the event further appellate review of this issue is warranted. Decisions whether to release a defendant while awaiting sentencing are reviewed *de novo*. United States v. Brown, 368 F.3d 992, 993 (8th Cir. 2004). The Eighth Circuit has held that exceptional circumstances are only those circumstances that are "clearly out of the ordinary, uncommon, or rare."

Id. (quoting United States v. Koon, 6 F.3d 561, 563 (9th Cir. 1993)). The Eighth Circuit has taken a very narrow view of what constitutes exceptional circumstances.

The court has rejected a defendant's need to receive treatment for depression and the possibility that the defendant might be subjected to violence by other inmates while detained. Brown, 368 F.3d at 993. See also United States v. Larue, 478 F.3d 924, 925-26 (8th Cir. 2007) (finding no exceptional circumstances where defendant convicted of attempting to entice a minor into sexual activity had no criminal record, was paying child support, and had ongoing employment). In another case, the court found no exceptional circumstances where the defendant did not actually sell drugs in her role in the drug conspiracy, where the defendant cooperated with the court, was helping her elderly parents, and wanted to avoid contact with codefendants. See United States v. Schmitt, 515 Fed. Appx. 646 (8th Cir. 2013). In yet another case, the Eighth Circuit refused to find exceptional circumstances for a defendant who had succeeded in remaining free of drugs for two preceding years, had fully disclosed and cooperated with the government, had regularly attended drug treatment meetings, had passed every drug test given to him while on bond, had full-time employment, and needed to care for three young children. See United States v. Nickell, 512 Fed. Appx. 660 (8th Cir. 2013). The fact that a defendant has "done remarkably well on release" is also not exceptional circumstances. See United States v. Mahoney, 627 F.3d 705, 706 (8th Cir. 2010). See also

2

United States v. Krantz, 530 Fed. Appz. 609 (8th Cir. 2013) (defendant's three tours of duty in Iraq and Afghanistan and his job as a night nurse were not exceptional circumstances); United States v. Mostrom, 11 F.3d 93, 95 (8th Cir. 1993) (exceptional circumstances not shown by inadequacies in transportation of prisoners or by the fact that the defendant had done well on pretrial supervision and had a job).

Counsel for Mr. Hart cited United States v. Mitchell, 358 F. Supp. 2d 707 (E.D. Wis. 2005), for the proposition that the prospect of a government motion for downward departure could constitute exceptional circumstances. Cooperation with the government has been rejected by the Eighth Circuit as a basis for exceptional circumstances. Nickell, 512 Fed. Appx. 660. If the facts of this case were that the government's motion would result in a sentence involving no incarceration, grounds for pre-sentence release would appear to be provided for under 18 U.S.C. 3143(a). However, neither Mr. Hart nor the government stated that such was the case here. In fact, the government affirmed that it would be seeking a term of imprisonment for Mr. Hart at his sentencing hearing.

It is on the above body of Eighth Circuit law that this court relied in ordering that Mr. Hart be taken into custody pending his sentencing. The court finds that Mr. Hart established by clear and convincing evidence that he was not a danger to any person, and that he was not a flight risk. However, under section 3143(a) when one has been convicted of a drug crime with a maximum sentence exceeding 10 years, that showing is not enough. In addition, Mr. Hart

3

is required to show exceptional circumstances.  Given the Eighth Circuit's cases interpreting that phrase, the court concludes that Mr. Hart failed to establish exceptional circumstances.

Dated March 4, 2014.

BY THE COURT:

/s/ *Veronica L. Duffy*
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE